■ In the Matter of HOME DEPOT USA, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [893 NYS2d 313]—

Stein, J.

This proceeding concerns petitioner's request for a refund of certain sales tax payments that petitioner made in New York between 1997 and 2003. Petitioner is a home improvement retailer that operates throughout the United States, including New York. During the period in question, petitioner had private-label credit card agreements with two third-party finance companies. In accordance with those agreements, the finance companies issued credit cards bearing petitioner's name to petitioner's customers. In doing so, the finance companies applied their own creditworthiness standards and entered into agreements directly with petitioner's customers. The companies owned the accounts and were "entitled to receive all payments made by [c]ardholders on [a]ccounts." Pursuant to the terms of the agreements, the finance companies would pay to petitioner, within approximately two days after each credit card transaction, the value of such transaction—including the full amount

of sales tax due—less a credit card service fee.[1] Upon receipt of such payments from the finance companies, petitioner would pay the appropriate sales tax due to the Department of Taxation and Finance.

The refunds claimed by petitioner herein relate to sales tax paid on credit card transaction amounts that were ultimately uncollectible by the finance companies. Petitioner's claims were denied on the basis that sales tax refunds are not available in relation to transactions that are financed by third parties (*see* 20 NYCRR 534.7 [b] [3]). Petitioner challenged the denial and the parties submitted the matter to an Administrative Law Judge (hereinafter ALJ) to determine on the basis of stipulated facts. The ALJ upheld the denial of petitioner's claims and respondent Tax Appeals Tribunal affirmed the ALJ's determination. This CPLR article 78 proceeding ensued.

We confirm. Respondent Commissioner of Taxation and Finance (hereinafter respondent) has the authority to promulgate regulations allowing vendors to apply for a credit or refund of sales tax already paid in relation to a debt that has been determined to be uncollectible (*see* Tax Law § 1132 [e]). Pursuant to that authority, 20 NYCRR 534.7 (b) (1) was promulgated establishing that, "[w]here a receipt . . . has been ascertained to be uncollectible . . . the vendor of the tangible personal property or services . . . may apply for a refund or credit of the tax paid on such receipt." However, 20 NYCRR 534.7 (b) (3) provides that such "refund or credit is not available for a transaction which is financed by a third party or for a debt which has been assigned to a third party, whether or not such third party has recourse to the vendor on that debt." Thus, the question before us in the instant matter distills to whether it was arbitrary and capricious for respondent to distinguish between transactions in which a vendor pays sales tax from its own sales receipts and transactions that are financed by third parties and, as occurred here, the vendor pays the sales tax out of contractual payments received from such third parties.

The Court of Appeals has clearly articulated that Tax Law § 1132 (e) "does not require that [respondent] grant refunds on uncollectible debts to any class of applicants" (*Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 253 [2004]) and that respondent is empowered to establish the circumstances in which a refund

---

**1.** The credit card service fees charged were variable based on the credit risk associated with each customer, anticipated interest income for the finance companies, the value of the credit card database assigned by petitioner to the companies and the companies' administrative costs.

of sales tax paid in relation to such debts may be sought (*see id.* at 254-255, 257). Respondent's rationale for precluding the payment of sales tax refunds in connection with transactions which are financed by a third party was clearly "to avoid excessive administrative burden and facilitate the orderly administration of the sales tax" (*Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d at 255). While we recognize that *General Elec. Capital Corp.* concerned refund applications submitted by the finance companies themselves, we find respondent's application of that reasoning to the circumstances here to be rational and within respondent's authority.[2]

Notably, inasmuch as the debts in question were owed to the finance companies and petitioner was paid in advance by the finance companies, petitioner did not actually have any uncollectible receipts. Indeed, petitioner recorded accounts receivable from the finance companies, not from the individual customers. Nor did petitioner take the uncollectible debts owed by the customers as a deduction on its federal income tax returns. Instead, petitioner deducted the transaction service fees charged by the finance companies. We are unpersuaded by petitioner's argument that its payment of the service fees fully reimbursed the companies for the uncollectible debts, thereby converting such losses to petitioner. As the parties acknowledged, "[t]he actual bad debts . . . may be equal to, greater than, or less than, the anticipated bad debts." In view of the other factors on which the credit card service fees were based, the record before us amply demonstrates the difficulty in quantifying exactly how much of the credit card service fees represented subsequently uncollectible debts on which sales tax was paid. Thus, although respondent could have elected to allow the payment of refunds under these circumstances (as it now does), respondent was not required to do so and the refusal to permit such payments was not irrational.

We have examined petitioner's remaining contentions and find them to be unavailing.

Mercure, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**2.** Contrary to petitioner's contention, the 2006 amendments to Tax Law § 1132 (whereby vendors and lenders may elect which entity is entitled to a sales tax deduction or refund) do not compel a different conclusion. Those amendments took effect after the sales tax payments at issue here (*see* L 2006, ch 664, § 2) and were intended to prospectively change the preexisting law.